# UNITED STATE DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA
### Richmond Division



**SHARON LYNN ROSS,**

    **Plaintiff**

v.

**EQUIFAX INFORMATION SERVICES, LLC.,**

CIVIL NO.

*3: 10CV520*

SERVE:    **Corporation Service Company, Registered Agent**
             **11 S. 12th Street**
             **Richmond, VA 23218,**

**TRANS UNION, LLC.**

SERVE:    **Corporation Service Company, Registered Agent**
             **11 S. 12th Street**
             **Richmond, VA 23218**

             **Defendants.**

## COMPLAINT

COMES NOW the Plaintiff, SHARON LYNN ROSS, by counsel, (hereafter collectively the "Plaintiff") by counsel, and for his complaint against the Defendant, alleges as follows:

## PRELIMINARY STATEMENT

1.    This is an action for actual, statutory and punitive damages, costs and attorney's fees brought pursuant to 15 U.S.C. §1681 et seq. (Federal Fair Credit Reporting Act).

## JURISDICTION

2. The jurisdiction of this Court is conferred by 15 U.S.C. §1681(p) and 28 U.S.C. §1367. Venue is proper as Defendants maintain its registered offices within the boundaries for the Eastern District of Virginia, Richmond Division.



## PARTIES

3. The Plaintiff is a natural person and a "consumer" as defined by 15 U.S.C. §1681a(c).

4. Upon information and belief, **EQUIFAX INFORMATION SERVICES, LLC.** ("*Equifax*") is a corporation authorized to do business in the State of Virginia through its registered offices in Richmond, Virginia.

5. Upon information and belief, *Equifax* is a "consumer reporting agency", as defined in 15 U.S.C. §1681(f). Upon information and belief, *Equifax* is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d) to third parties.

6. Upon information and belief, *Equifax* disburses such consumer reports to third parties under contract for monetary compensation.

7. Upon information and belief, **TRANS UNION, LLC.** ("*Trans Union*") is a corporation authorized to do business in the State of Virginia through its registered agent office.

8. Upon information and belief, *Trans Union* is a "consumer reporting agency", as defined in 15 U.S.C. §1681(f). Upon information and belief, *Trans Union* is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d) to third parties.

9. Upon information and belief, *Trans Union* disburses such consumer reports to third parties under contract for monetary compensation.

## FACTS

10. Since at least August 2007, the Plaintiff has been struggling to obtain the correction of her credit files with Equifax and Trans Union. Each reporting agency caused the inaccurate

merger of the Plaintiff's personal credit history (including identifying information) with that of a stranger residing in Illinois.   The Plaintiff made numerous disputes as to this inaccuracy, most to no avail.

11.     In 2009, Ms. Ross sued each current Defendant for violations of the Fair Credit Reporting Act.  The Plaintiff initiated discovery and substantive litigation.  The cases against Equifax and Trans Union then settled.

12.     On or about July 8, 2009 the Plaintiff entered into a Settlement Agreement with *Equifax* with regard to Defendant's mixing of the credit file of a stranger into the credit file and reports of the Plaintiff.   The parts of the Plaintiff's credit file that were mixed included both credit accounts and personal identifying information in her Equifax credit reports that belonged to an individual who lives in Chicago, Illinois.   Attached to the Settlement Agreement as Exhibit "A" was Plaintiff's corrected Consumer Disclosure dated August 4, 2009, with the disputed information removed.

13.  On or about September 17, 2009 the Plaintiff entered into a Settlement Agreement with *Trans Union* with regard to Defendant's mixing of the credit file of a stranger into the credit file and reports of the Plaintiff.   The parts of the Plaintiff's credit file that were mixed included both credit accounts and personal identifying information in her Tran Union credit reports that belonged to an individual who lives in Chicago, Illinois.  Attached to the Settlement Agreement as Exhibit "A" was Plaintiff's corrected Consumer Disclosure dated September 30, 2009, with the disputed information removed.

14.     In the litigation, as well as in her pre-litigation disputes, Plaintiff informed and Defendants certainly understood that the Plaintiff lacked any connection to Illinois.  She did not live there.  She did not work there.

23.     Defendants did not materially change the matching algorithms or reporting procedures as a result of these previous cases or even after the first litigation between the parties.

25.     Defendants have also been subject to previous prosecution by and resulting Consent Orders with the Federal Trade Commission for the way in which they mix consumer credit files.

26.     Regardless of these cases, to this day, the mixed file problem still exists at Trans Union, despite literally years of litigation regarding this issue by both consumers and the Federal Trade Commission.

## COUNT ONE: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. §1681e(b)

27.   The Plaintiff realleges and incorporates paragraphs 1 through 26 above as if fully set out herein.

28.     Defendants violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files they published and maintained concerning the Plaintiff.

29.   As a result of this conduct, action and inaction of the Defendants, the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel:  loss of credit, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

30.   Defendants' conduct, actions and inactions were willful, rendering the Defendants liable for actual, statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.  In the alternative, Defendants were negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. §1681o.

31. The Plaintiff is entitled to recover costs and attorney's fees from Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

## COUNT TWO: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. §1681i(a)

32. Plaintiff realleges and incorporates paragraphs 1 through 31 above as if fully set out herein.

33. Defendants violated 15 U.S.C. §1681i(a) on multiple occasions by failing to maintain reasonable procedures in which to prevent the reinsertion of inaccurate and previously corrected information in the Plaintiff's credit file.

34. As a result of this conduct, action and inaction of the Defendants, the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: loss of credit, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

35. Defendants' conduct, actions and inactions were willful, rendering the Defendants liable for actual, statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, Defendants were negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. §1681o.

36. The Plaintiff is entitled to recover costs and attorney's fees from the Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

## COUNT THREE: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. §1681b

37. Plaintiff realleges and incorporates paragraphs 1 through 36 above as if fully set out herein.

15.     During all relevant periods, Defendants have received reported data from the Plaintiff's actual creditors and each has continued to identify the Plaintiff's residence as other than Illinois.

16.     In February 2010, the Plaintiff began receiving daily collection calls from collection agencies for debts that do not belong to her. Upon informing these individuals that she does not owe these debts, and they are calling a phone number not Illinois they seemed surprised.

17.     Plaintiff thereafter obtained copies of her credit reports from *Equifax* and *Trans Union* and learned that each was still mixing he file and again reporting the identifying information of the individual who lives in Chicago, Illinois.

18. At some point after July 2009, *Equifax* reinserted and/or re-reported the information from the file of the Chicago, Illinois person into the Plaintiff's credit file and reports.

19.     At some point after September 2009, *Trans Union* reinserted and/or re-reported the information from the file of the Chicago, Illinois person into the Plaintiff's credit file and reports.

20. *Equifax* and *Trans Union* had actual knowledge of these inaccuracies and deliberately chose to ignore and permit the reinsertion of same within the Plaintiff's credit file.

21.     Unlike *Equifax* and *Trans Union*, non-party Experian, which receives nearly the exact same data from creditors and furnishers, used different reporting procedures than did the Defendants and has not reinserted or re-mixed the Plaintiff's file.

22.     Both *Equifax* and *Trans Union* have been sued in countless cases by mixed file victims who have alleged that they violated 15 U.S.C. § 1681e(b) with regard to the way that they match data to the credit files of consumers.

38. Defendants violated 15 U.S.C. §1681b on multiple occasions by furnishing information from the Plaintiff's consumer file to debt collectors and creditors of the unrelated Chicago, Illinois consumer and other third parties without the Plaintiff's permission or other lawful purpose.

39. As a result of this conduct, action and inaction of the Defendants, the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel:  loss of credit, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

40. Defendants' conduct, actions and inactions were willful, rendering the Defendants liable for actual, statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.  In the alternative, Defendants were negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. §1681o.

41. The Plaintiff is entitled to recover costs and attorney's fees from the Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

WHEREFORE, Your Plaintiff demands judgment for compensatory, statutory and punitive damages against each Defendant; for her attorneys fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable and proper.

**TRIAL BY JURY IS DEMANDED.**

**SHARON LYNN ROSS,**

By

Of Counsel

LEONARD A. BENNETT
VSB #37523
*Consumer Litigation Associates, P.C.*
12515 Warwick Boulevard, Suite 100
Newport News, Virginia 23606
(757) 930-3660
(757) 930-3662 facsimile
lenbennett@clalegal.com

Counsel for Plaintiff